| **Fill in this information to identify your case:** |
|---|
| United States Bankruptcy Court for the: |
| MIDDLE DISTRICT OF FLORIDA |
| Case number *(if known)* _____  Chapter **11** |
| ☐ Check if this an amended filing |

## Official Form 201
## Voluntary Petition for Non-Individuals Filing for Bankruptcy     06/24

If more space is needed, attach a separate sheet to this form. On the top of any additional pages, write the debtor's name and the case number (if known). For more information, a separate document, *Instructions for Bankruptcy Forms for Non-Individuals,* is available.

| | | |
|---|---|---|
| 1. | **Debtor's name** | **Gilgal Medical Supplies, Inc** |
| 2. | **All other names debtor used in the last 8 years** <br> Include any assumed names, trade names and *doing business as* names | |
| 3. | **Debtor's federal Employer Identification Number** (EIN) | **85-2420617** |
| 4. | **Debtor's address** | **Principal place of business** <br><br> **4050 13th Street** <br> **Saint Cloud, FL 34769** <br> Number, Street, City, State & ZIP Code <br><br> **Osceola** <br> County | **Mailing address, if different from principal place of business** <br><br> **5001 Whitewater Way** <br> **Saint Cloud, FL 34771** <br> P.O. Box, Number, Street, City, State & ZIP Code <br><br> **Location of principal assets, if different from principal place of business** <br> **N/A** <br> Number, Street, City, State & ZIP Code |
| 5. | **Debtor's website** (URL) | |
| 6. | **Type of debtor** | ■ Corporation (including Limited Liability Company (LLC) and Limited Liability Partnership (LLP)) <br> ☐ Partnership (excluding LLP) <br> ☐ Other. Specify: _____ |

Debtor  **Gilgal Medical Supplies, Inc**                                    Case number (*if known*)
         Name

**7. Describe debtor's business**

A. *Check one:*

☐ Health Care Business (as defined in 11 U.S.C. § 101(27A))

☐ Single Asset Real Estate (as defined in 11 U.S.C. § 101(51B))

☐ Railroad (as defined in 11 U.S.C. § 101(44))

☐ Stockbroker (as defined in 11 U.S.C. § 101(53A))

☐ Commodity Broker (as defined in 11 U.S.C. § 101(6))

☐ Clearing Bank (as defined in 11 U.S.C. § 781(3))

■ None of the above

B. *Check all that apply*

☐ Tax-exempt entity (as described in 26 U.S.C. §501)

☐ Investment company, including hedge fund or pooled investment vehicle (as defined in 15 U.S.C. §80a-3)

☐ Investment advisor (as defined in 15 U.S.C. §80b-2(a)(11))

C. NAICS (North American Industry Classification System) 4-digit code that best describes debtor. See http://www.uscourts.gov/four-digit-national-association-naics-codes.

____

**8. Under which chapter of the Bankruptcy Code is the debtor filing?**

*Check one:*

☐ Chapter 7

☐ Chapter 9

■ Chapter 11. *Check **all** that apply*:

  ☐ Debtor's aggregate noncontingent liquidated debts (excluding debts owed to insiders or affiliates) are less than $3,024,725 (amount subject to adjustment on 4/01/25 and every 3 years after that).

  ☐ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D). If the debtor is a small business debtor, attach the most recent balance sheet, statement of operations, cash-flow statement, and federal income tax return or if all of these documents do not exist, follow the procedure in 11 U.S.C. § 1116(1)(B).

  ■ The debtor is a small business debtor as defined in 11 U.S.C. § 101(51D), and it chooses to proceed under Subchapter V of Chapter 11.

  ☐ A plan is being filed with this petition.

  ☐ Acceptances of the plan were solicited prepetition from one or more classes of creditors, in accordance with 11 U.S.C. § 1126(b).

  ☐ The debtor is required to file periodic reports (for example, 10K and 10Q) with the Securities and Exchange Commission according to § 13 or 15(d) of the Securities Exchange Act of 1934. File the A*ttachment to Voluntary Petition for Non-Individuals Filing for Bankruptcy under Chapter 11* (Official Form 201A) with this form.

  ☐ The debtor is a shell company as defined in the Securities Exchange Act of 1934 Rule 12b-2.

☐ Chapter 12

**9. Were prior bankruptcy cases filed by or against the debtor within the last 8 years?**
If more than 2 cases, attach a separate list.

■ No.
☐ Yes.

District _____  When _____  Case number _____
District _____  When _____  Case number _____

Debtor **Gilgal Medical Supplies, Inc**   Case number (*if known*) _____
     Name

**10. Are any bankruptcy cases pending or being filed by a business partner or an affiliate of the debtor?**

■ No
☐ Yes.

List all cases. If more than 1, attach a separate list

Debtor _____   Relationship _____
District _____ When _____ Case number, if known _____

**11. Why is the case filed in *this district*?**

*Check all that apply:*

■ Debtor has had its domicile, principal place of business, or principal assets in this district for 180 days immediately preceding the date of this petition or for a longer part of such 180 days than in any other district.

☐ A bankruptcy case concerning debtor's affiliate, general partner, or partnership is pending in this district.

**12. Does the debtor own or have possession of any real property or personal property that needs immediate attention?**

■ No
☐ Yes.   Answer below for each property that needs immediate attention. Attach additional sheets if needed.

**Why does the property need immediate attention?** (*Check all that apply.*)

☐ It poses or is alleged to pose a threat of imminent and identifiable hazard to public health or safety.
   What is the hazard?  _____

☐ It needs to be physically secured or protected from the weather.

☐ It includes perishable goods or assets that could quickly deteriorate or lose value without attention (for example, livestock, seasonal goods, meat, dairy, produce, or securities-related assets or other options).

☐ Other  _____

**Where is the property?** _____
   Number, Street, City, State & ZIP Code

**Is the property insured?**

☐ No
☐ Yes.   Insurance agency _____
   Contact name _____
   Phone _____

---

### Statistical and administrative information

**13. Debtor's estimation of available funds**

*Check one:*

■ Funds will be available for distribution to unsecured creditors.
☐ After any administrative expenses are paid, no funds will be available to unsecured creditors.

**14. Estimated number of creditors**

■ 1-49
☐ 50-99
☐ 100-199
☐ 200-999

☐ 1,000-5,000
☐ 5001-10,000
☐ 10,001-25,000

☐ 25,001-50,000
☐ 50,001-100,000
☐ More than 100,000

**15. Estimated Assets**

☐ $0 - $50,000
■ $50,001 - $100,000
☐ $100,001 - $500,000
☐ $500,001 - $1 million

☐ $1,000,001 - $10 million
☐ $10,000,001 - $50 million
☐ $50,000,001 - $100 million
☐ $100,000,001 - $500 million

☐ $500,000,001 - $1 billion
☐ $1,000,000,001 - $10 billion
☐ $10,000,000,001 - $50 billion
☐ More than $50 billion

**16. Estimated liabilities**

☐ $0 - $50,000

☐ $1,000,001 - $10 million

☐ $500,000,001 - $1 billion

Debtor  **Gilgal Medical Supplies, Inc**  Case number (*if known*)
      Name

☐ $50,001 - $100,000                ☐ $10,000,001 - $50 million         ☐ $1,000,000,001 - $10 billion
☐ $100,001 - $500,000               ☐ $50,000,001 - $100 million        ☐ $10,000,000,001 - $50 billion
■ $500,001 - $1 million             ☐ $100,000,001 - $500 million       ☐ More than $50 billion

| Debtor | **Gilgal Medical Supplies, Inc** | Case number (*if known*) | |
|---|---|---|---|
| | Name | | |

### Request for Relief, Declaration, and Signatures

**WARNING --** Bankruptcy fraud is a serious crime. Making a false statement in connection with a bankruptcy case can result in fines up to $500,000 or imprisonment for up to 20 years, or both. 18 U.S.C. §§ 152, 1341, 1519, and 3571.

**17. Declaration and signature of authorized representative of debtor**

The debtor requests relief in accordance with the chapter of title 11, United States Code, specified in this petition.

I have been authorized to file this petition on behalf of the debtor.

I have examined the information in this petition and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on   **February  4, 2025**
               MM / DD / YYYY

X **/s/ Thomas Chacko**                                  **Thomas Chacko**
Signature of authorized representative of debtor          Printed name

Title  **Vice President**

**18. Signature of attorney**

X **/s/ Daniel A. Velasquez**                            Date **February  4, 2025**
Signature of attorney for debtor                          MM / DD / YYYY

**Daniel A. Velasquez 0098158**
Printed name

**Latham Luna Eden & Beaudine LLP**
Firm name

**201 S. Orange Avenue**
**Suite 1400**
**Orlando, FL 32801**
Number, Street, City, State & ZIP Code

Contact phone  **(407) 481-5800**     Email address  **dvelasquez@lathamluna.com**

**0098158 FL**
Bar number and State

**Fill in this information to identify the case:**

Debtor name: **Gilgal Medical Supplies, Inc**
United States Bankruptcy Court for the: **MIDDLE DISTRICT OF FLORIDA**
Case number (if known): _____

☐ Check if this is an amended filing

# Official Form 204

## Chapter 11 or Chapter 9 Cases: List of Creditors Who Have the 20 Largest Unsecured Claims and Are Not Insiders

12/15

A list of creditors holding the 20 largest unsecured claims must be filed in a Chapter 11 or Chapter 9 case. Include claims which the debtor disputes. Do not include claims by any person or entity who is an insider, as defined in 11 U.S.C. § 101(31). Also, do not include claims by secured creditors, unless the unsecured claim resulting from inadequate collateral value places the creditor among the holders of the 20 largest unsecured claims.

| Name of creditor and complete mailing address, including zip code | Name, telephone number and email address of creditor contact | Nature of claim (for example, trade debts, bank loans, professional services, and government contracts) | Indicate if claim is contingent, unliquidated, or disputed | Amount of claim | | |
|---|---|---|---|---|---|---|
| | | | | **Total claim, if partially secured** | **Deduction for value of collateral or setoff** | **Unsecured claim** |
| Brightree<br>125 Technology Pkwy<br>Peachtree Corners<br>Norcross, GA 30092 | | Digital Software | | | | $2,000.00 |
| Carecentrix<br>11501 Outlook Street<br>Suite 225<br>Leawood, KS 66211 | | Insurance Debt | Disputed | | | $726,912.53 |
| CGS Medicare<br>CGS Administrators<br>P.O. Box 955152<br>Saint Louis, MO 63195-5152 | | Medical Claims | | | | $5,389.40 |
| McKesson Corporation<br>6651 Gate Parkway<br>Jacksonville, FL 32256 | | Personal Property | | Unknown | Unknown | Unknown |
| Regus<br>15305 Dallas Parkway<br>Suite 1500<br>Addison, TX 75001-6768 | | Virtual Office Debt | | | | $1,400.00 |

# United States Bankruptcy Court
## Middle District of Florida

In re  **Gilgal Medical Supplies, Inc**  
Debtor(s)

Case No.  
Chapter  **11**

## LIST OF EQUITY SECURITY HOLDERS

Following is the list of the Debtor's equity security holders which is prepared in accordance with rule 1007(a)(3) for filing in this Chapter 11 Case

| Name and last known address or place of business of holder | Security Class | Number of Securities | Kind of Interest |
|---|---|---|---|
| **Sainty A. Chacko**<br>**5001 Whitewater Way**<br>**Saint Cloud, FL 34771** | | **50%** | **President** |
| **Thomas Chacko**<br>**5001 Whitewater Way**<br>**Saint Cloud, FL 34771** | | **50%** | **Vice President** |

### DECLARATION UNDER PENALTY OF PERJURY ON BEHALF OF CORPORATION OR PARTNERSHIP

I, the **Vice President** of the corporation named as the debtor in this case, declare under penalty of perjury that I have read the foregoing List of Equity Security Holders and that it is true and correct to the best of my information and belief.

Date  **February 4, 2025**

Signature  **/s/ Thomas Chacko**  
**Thomas Chacko**

*Penalty for making a false statement of concealing property:* Fine of up to $500,000 or imprisonment for up to 5 years or both.  
18 U.S.C. §§ 152 and 3571.

Sheet 1 of 1 in List of Equity Security Holders

Gilgal Medical Supplies, Inc - - Pg. 1 of 1

Gilgal Medical Supplies, Inc
5001 Whitewater Way
Saint Cloud, FL 34771

Chase Auto
PO Box 78232
Phoenix, AZ 85062-8232

Daniel A. Velasquez
Latham Luna Eden & Beaudine LLP
201 S. Orange Avenue
Suite 1400
Orlando, FL 32801

CIGNA Healthcare
PO Box 105551
Atlanta, GA 30348-5551

915 S Orange, LLC
c/o Michael D. Yoder
602 S Pinto Court
Winter Springs, FL 32708

McKesson Corporation
6651 Gate Parkway
Jacksonville, FL 32256

AETNA
151 Farmington Avenue
Hartford, CT 06156

Oaks Shopping Center, Inc
c/o Stanley H. Sandefur
336 W. Morse Blvd.
Suite 101
Winter Park, FL 32789

Brightree
125 Technology Pkwy
Peachtree Corners
Norcross, GA 30092

Regus
15305 Dallas Parkway
Suite 1500
Addison, TX 75001-6768

Carecentrix
11501 Outlook Street
Suite 225
Leawood, KS 66211

Sainty A. Chacko
5001 Whitewater Way
Saint Cloud, FL 34771

CareCentrix
Attn: Christine Geanuracos
20 Church Street, 1200
Hartford, CT 06103

The Villages Land Operating
Company, LLC-c/o The Village
Commercial Property Mngmnt
3597 Kiessel Road
The Villages, FL 32163

Centene Corporation
Centene Plaza
7700 Forsyth Blvd
Saint Louis, MO 63105

Thomas Chacko
5001 Whitewater Way
Saint Cloud, FL 34771

CGS Medicare
CGS Administrators
P.O. Box 955152
Saint Louis, MO 63195-5152

B2030 (Form 2030) (12/15)

# United States Bankruptcy Court
## Middle District of Florida

In re  **Gilgal Medical Supplies, Inc**  
Debtor(s)

Case No.  
Chapter  **11**

## DISCLOSURE OF COMPENSATION OF ATTORNEY FOR DEBTOR(S)

1. Pursuant to 11 U.S.C. § 329(a) and Fed. Bankr. P. 2016(b), I certify that I am the attorney for the above named debtor(s) and that compensation paid to me within one year before the filing of the petition in bankruptcy, or agreed to be paid to me, for services rendered or to be rendered on behalf of the debtor(s) in contemplation of or in connection with the bankruptcy case is as follows:

   | | |
   |---|---|
   | For legal services, I have agreed to accept | $ **26,738.00** |
   | Prior to the filing of this statement I have received | $ **26,738.00** |
   | Balance Due | $ **0.00** |

2. The source of the compensation paid to me was:

   ■ Debtor    ☐ Other (specify):

3. The source of compensation to be paid to me is:

   ■ Debtor    ☐ Other (specify):

4. ■ I have not agreed to share the above-disclosed compensation with any other person unless they are members and associates of my law firm.

   ☐ I have agreed to share the above-disclosed compensation with a person or persons who are not members or associates of my law firm. A copy of the agreement, together with a list of the names of the people sharing in the compensation is attached.

5. In return for the above-disclosed fee, I have agreed to render legal service for all aspects of the bankruptcy case, including:

   a. Analysis of the debtor's financial situation, and rendering advice to the debtor in determining whether to file a petition in bankruptcy;
   b. Preparation and filing of any petition, schedules, statement of affairs and plan which may be required;
   c. Representation of the debtor at the meeting of creditors and confirmation hearing, and any adjourned hearings thereof;
   d. [Other provisions as needed]

6. By agreement with the debtor(s), the above-disclosed fee does not include the following service:
   **Representation of the debtors in any dischargeability actions, judicial lien avoidances, relief from stay actions or any other adversary proceeding.**

### CERTIFICATION

I certify that the foregoing is a complete statement of any agreement or arrangement for payment to me for representation of the debtor(s) in this bankruptcy proceeding.

**February  4, 2025**  
*Date*

**/s/ Daniel A. Velasquez**  
**Daniel A. Velasquez 0098158**  
*Signature of Attorney*  
**Latham Luna Eden & Beaudine LLP**  
**201 S. Orange Avenue**  
**Suite 1400**  
**Orlando, FL 32801**  
**(407) 481-5800  Fax: (407) 481-5801**  
**dvelasquez@lathamluna.com**  
*Name of law firm*